IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON WINSTON, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:19-cv-00026-GJH |
| OFFICER ALEX HAZIMINAS #J-603, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Officer Alex Haziminas, by his undersigned attorneys, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers Plaintiff's First Amended Complaint and Request for Jury Trial ("Complaint") and states:

## JURISDICTION

1. Officer Haziminas is without sufficient information to admit or deny the allegations in paragraph 1 and, therefore, denies same.

2. Responding to paragraph 2, Officer Haziminas admits only that, at all times relevant to the allegations in the Complaint, he was a Baltimore City Police Officer and working in Baltimore City. The remainder of paragraph 2 seeks a legal conclusion to which no response is necessary from Officer Haziminas.

3. Officer Haziminas is without sufficient information to admit or deny the allegations in paragraph 3 and, therefore, denies same.

4. Paragraph 4 contains a legal conclusion to which no response is necessary from Officer Haziminas. To the extent that a response to this paragraph is necessary, Officer Haziminas does not currently contest whether this matter was filed in compliance with the Local Government Tort Claims Act, but reserves the right to do so and the right to amend this answer during the course of discovery.

## STATEMENT OF FACTS

5. Officer Haziminas admits only that on February 21, 2016, Plaintiff was at the Mosaic Nightclub and Lounge located in Power Plant Live at 4 Market Place, Baltimore, Maryland 21202. Officer Haziminas is without sufficient information to admit or deny the remaining allegations in paragraph 5 and, therefore, denies them.

6. Officer Haziminas is without sufficient information to admit the allegations in paragraph 6 and, therefore, denies them.

7. Officer Haziminas is without sufficient information to admit the allegations in paragraph 7 and, therefore, denies them.

8. Officer Haziminas denies the allegations in paragraph 8.

9. Officer Haziminas denies the allegations in sentence 1 of paragraph 9. Officer Haziminas admits that when Plaintiff was on the ground, he used an arrest technique and handcuffed Plaintiff. Officer Haziminas denies the remaining allegations in paragraph 9.

10. Officer Haziminas denies the allegations against him in paragraph 10. The remaining allegations in this paragraph are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas.

11. Officer Haziminas denies the allegations in paragraph 11.

12. Responding to paragraph 12, Officer Haziminas denies that "Plaintiff immediately complained to [Officer] Haziminas about the extreme pain, but [Officer] Haziminas ignored his complaints[.]" Officer Haziminas admits that Plaintiff was taken from the Mosaic to the Central District police station. Officer Haziminas denies that "Plaintiff continued to complain to any and everyone who would listen because he was writhing in pain[.]" Officer Haziminas admits that when Plaintiff complained of pain in his arm, Officer Haziminas immediately called for a medic. Officer Haziminas is without sufficient information at this time to admit the remaining allegations in paragraph 12 and, therefore, denies same.

13. Responding to paragraph 13, Officer Haziminas admits that he rode in the ambulance with Plaintiff. Officer Haziminas denies the remaining allegations in this paragraph.

14. Officer Haziminas denies the allegations in paragraph 14.

15. Responding to paragraph 15, Officer Haziminas admits that Plaintiff was charged with two counts of second degree assault, obstructing & hindering, disorderly conduct, two counts of resisting arrest, and failure to obey. Officer Haziminas denies the remaining allegations in this paragraph.

16. Officer Haziminas admits that Plaintiff was charged with the offenses listed in paragraph 16 and that they terminated in the manner alleged in this paragraph.

17. Responding to paragraph 17, Officer Haziminas admits only that a letter titled "Notice of Intent to File Suit" was sent via certified mail to the City Solicitor on or

about June 3, 2016. Officer Haziminas denies that Plaintiff is entitled to recover damages from Officer Haziminas or to recover damages based on any act or omission allegedly committed by Officer Haziminas.

## COUNT I

**42 U.S.C. § 1983**
**Violation for 4th & 14th Amendments, Excessive Force**
*Plaintiff v. Haziminas*

18. Paragraph 18 is a quotation from 42 U.S.C. §1983 to which no response is necessary.

19. Paragraph 19 seeks a legal conclusion to which no response is necessary from Officer Haziminas. To the extent a response is required, Officer Haziminas denies that his conduct was objectively (or otherwise) unreasonable or that it violated Plaintiff's Fourth Amendment rights.

20. Officer Haziminas denies the allegations in paragraph 20.

21. Officer Haziminas is without sufficient information to admit the allegations in sentence one of paragraph 21 and, therefore, denies them. Officer Haziminas denies the remaining allegations in this paragraph.

22. Responding to paragraph 22, Officer Haziminas states that he did not know whether Plaintiff possessed a weapon when he first encountered Plaintiff. Officer Haziminas denies the remaining allegations in this paragraph.

23. Officer Haziminas denies the allegations in paragraph 23.

24. There is no paragraph number 24 in Plaintiff's Complaint.

25. Officer Haziminas denies that he "throat/choke-slammed" Plaintiff. Officer Haziminas admits that he did not give a command to Plaintiff to place his hands behind his back because Plaintiff was in the process of trying to attack Officer Haziminas. Officer Haziminas denies that he assaulted or attacked Plaintiff, and further states that his conduct under the circumstances was reasonable and lawful.

26. Officer Haziminas denies the allegations in paragraph 26.

## COUNT II

### 42 U.S.C. § 1983
*Violation for 14th Amendments* [sic]
*Plaintiff v. Haziminas*

27. Paragraph 27 states a legal conclusion to which no response is necessary from Officer Haziminas.

28. Paragraph 28 states a legal conclusion to which no response is necessary from Officer Haziminas.

29. Officer Haziminas denies the allegations in paragraph 29.

30. Officer Haziminas denies the allegations in paragraph 30.

31. Officer Haziminas denies the allegations in paragraph 31.

32. Officer Haziminas denies the allegations in paragraph 32.

## COUNT III

### ARTICLE 24 & 26
*Unreasonable Search & Seizure, Due Process, Equal Protection*
*Plaintiff v. Haziminas*

33. Paragraph 33 states a legal conclusion to which no response is necessary.

34. Paragraph 34 states a legal conclusion to which no response is necessary.

35. Officer Haziminas denies the allegations in paragraph 35.

36. Officer Haziminas denies the allegations against him in paragraph 36. The remaining portion of this paragraph states a legal conclusion to which no response is necessary.

37. Officer Haziminas denies the allegations in paragraph 37.

38. Officer Haziminas is without sufficient information to admit the allegations in sentence one of paragraph 38 and, therefore, denies them. Officer Haziminas denies the remaining allegations in this paragraph.

39. Officer Haziminas denies the allegations in paragraph 39.

40. Officer Haziminas denies the allegations in paragraph 40.

41. Responding to paragraph 41, Officer Haziminas denies that he "throat/choke-slammed" Plaintiff. Officer Haziminas admits that he did not give a command to Plaintiff to place his hands behind his back because Plaintiff was in the process of trying to attack Officer Haziminas. Officer Haziminas denies that he assaulted or attacked Plaintiff, and further states that his conduct under the circumstances was reasonable and lawful.

42. Officer Haziminas denies the allegations in paragraph 42.

## COUNT IV

### BATTERY
*Harmful or Offensive Contact*
*Plaintiff v. Haziminas*

43. Responding to paragraph 43, Officer Haziminas admits making contact with Plaintiff intentionally. Officer Haziminas further states that he had a lawful right to make this contact with Plaintiff.

44. Officer Haziminas denies the allegations in paragraph 44.

45. Officer Haziminas denies the allegations in paragraph 45.

46. Officer Haziminas denies the allegations in paragraph 46.

47. Officer Haziminas denies the allegations in paragraph 47.

## COUNT V

### FALSE ARREST
*Plaintiff v. Haziminas*

48. Responding to paragraph 48, Officer Haziminas incorporates his responses to paragraphs 1-47, and denies that he committed a False Arrest.

49. Officer Haziminas denies the allegations in paragraph 49.

50. Officer Haziminas denies the allegations in paragraph 50.

## COUNT VI

### FALSE IMPRISONMENT
*Plaintiff v. Haziminas*

51. Officer Haziminas denies the allegations in paragraph 51.

52. Officer Haziminas denies the allegations in paragraph 52.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*Plaintiff v. Haziminas*

53. Officer Haziminas denies the allegations in paragraph 53.

54. Officer Haziminas denies the allegations in paragraph 54.

55. Officer Haziminas denies the allegations in paragraph 55.

56. Officer Haziminas denies the allegations in paragraph 56.

57. Officer Haziminas admits that he called for a medic and admits that Plaintiff was transported to a hospital. Officer Haziminas denies the remaining allegations in paragraph 57.

58. Officer Haziminas denies the allegations in paragraph 58.

59. Officer Haziminas denies the allegations in paragraph 59.

60. Officer Haziminas denies the allegations in paragraph 60.

## COUNT VIII

## MALICIOUS PROSECUTION
*Plaintiff v. Haziminas*

61. Responding to paragraph 61, Officer Haziminas incorporates his responses to paragraphs 1-60, and denies that he is liable to Plaintiff for malicious prosecution.

62. Officer Haziminas admits only that Plaintiff was charged with the criminal offenses listed in paragraph 62 and that they terminated in Plaintiff's favor.

63. Officer Haziminas denies that none of the counts listed in paragraph 62 were based upon probable cause. Officer Haziminas admits the remaining allegations in this paragraph.

64. Officer Haziminas denies the allegations against him in paragraph 64.

65. Officer Haziminas denies the allegations against him in paragraph 65.

66. Officer Haziminas denies the allegations against him in paragraph 66.

Officer Haziminas denies that Plaintiff is entitled to any of the relief sought in the Wherefore clause of Count VIII

## COUNT IX

### BATTERY
*Plaintiff v. Mosaic Lounge, LLC*

67-72. Paragraphs 67-72 are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas. To the extent any response from Officer Haziminas is necessary, Officer Haziminas denies any allegations against him in paragraphs 67-72.

## COUNT X

### NEGLIGENCE
*Plaintiff v. Mosaic Lounge, LLC*

73-76. Paragraphs 73-76 are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas. To the extent any response from Officer Haziminas is necessary, Officer Haziminas denies any allegations against him in paragraphs 73-76.

# COUNT XI

## 42 U.S.C. 1983
*Plaintiff v. Mosaic Lounge, LLC*

77-81.    Paragraphs 77-81 are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas.  To the extent any response from Officer Haziminas is necessary, Officer Haziminas denies any allegations against him in paragraphs 77-81.

82-84.    Paragraphs 82-84 are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas.  To the extent any response from Officer Haziminas is necessary, Officer Haziminas denies any allegations against him in paragraphs 82-84.

85-87.    Paragraphs 85-87 are not directed to Officer Haziminas and, therefore, no response is necessary from Officer Haziminas.  To the extent any response from Officer Haziminas is necessary, Officer Haziminas denies any allegations against him in paragraphs 85-87.

## AFFIRMATIVE AND NEGATIVE DEFENSES

88.    Officer Haziminas denies all allegations not specifically admitted in this Answer.

89.    Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental and qualified immunity.

90. Officer Haziminas acted with probable cause and reasonable articulable suspicion.

91. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

92. Officer Haziminas denies violating Plaintiff's rights.

93. Officer Haziminas acted reasonably and in good faith under the circumstances.

94. Officer Haziminas' actions were privileged because he was performing lawful duties as a member of the Baltimore Police Department and he is therefore entitled to and claims all common law and statutory immunities.

95. Plaintiff's alleged injuries, losses, or damages were caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendant is not responsible or liable.

96. Officer Haziminas is entitled to qualified immunity.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant Officer Alex Haziminas requests that this Court dismiss the Complaint with prejudice, assess costs against Plaintiff, and award Officer Haziminas all other relief this Court deems appropriate.

Dated: February 12, 2019         Respectfully submitted,

                                  /s/
                                 ─────────────────────────────────
                                 Christopher C. Jeffries (Fed. Bar. No. 28587)
                                 Emily R. Greene (Fed. Bar. No. 20302)
                                 KRAMON & GRAHAM, P.A.
                                 One South Street, Suite 2600
                                 Baltimore, Maryland 21202
                                 Phone: (410) 752-6030
                                 Fax: (410) 539-1269
                                 cjeffries@kg-law.com
                                 egreene@kg-law.com

                                 *Attorneys for Officer Alex Haziminas*