**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| AARON WINSTON, | * |
| Plaintiff, | * |
| v. | * |
| OFFICER ALEX HAZIMINAS, *et al.*, | * |
| Defendants. | * |

Case No.: GJH-19-26

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Aaron Winston brings this civil action against Defendant Detective Alex Haziminas, alleging constitutional deprivations, battery, false arrest and imprisonment, intentional infliction of emotional distress, and malicious prosecution, all arising out of his arrest on the night of February 20-21, 2016, at Mosaic Nightclub in Baltimore, Maryland. ECF No. 11.[1]

Pending before the Court is Defendant's Motion for Leave to File an Amended Answer to Plaintiff's First Amended Complaint. ECF No. 79. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion is granted.

I.     **BACKGROUND**

On February 20-21, 2016, Plaintiff attended a birthday party at the Mosaic Nightclub and Lounge located in the Power Plant Live development in Baltimore, Maryland. ECF No. 11 ¶ 5.

---

[1] As discussed below, Plaintiff originally brought claims against several Defendants. Mosaic Lounge, LLC, and Brandi Pope, an employee of Mosaic Lounge, and third-party Defendant Progressive have since entered into a settlement agreement with Plaintiff and have been dismissed from the case. *See* ECF No. 42.

Plaintiff alleges that he sustained multiple injuries at the hands of Defendant Haziminas after he sought to intervene when his friend was asked to leave the nightclub.[2]

On January 29, 2019, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 11. On June 7, 2019, the Court issued a scheduling order that set the deadline for amending any pleadings to July 29, 2019. ECF No. 27. On July 6, 2020, Defendants Mosaic and Pope, and third-party Defendant Progressive Service Group, LLC, entered into a settlement with Plaintiff that released them of all claims in this action. ECF No. 79 at 3; *see also* ECF No. 42.[3]

On December 19, 2022, Defendant filed a Motion for Leave to File an Amended Answer to Plaintiff's First Amended Complaint. ECF No. 79. Plaintiff responded in opposition, ECF No. 80, and Defendant replied, ECF No. 83.

## II.    DISCUSSION

Defendant Haziminas seeks to amend his Answer through two changes: first, to "clarify" that the action's state law claims are governed by the Local Government Tort Claims Act ("LGTCA") and its statutory damages cap; and second, to add a defense based on Plaintiff's settlement with co-Defendants Mosaic and Pope. ECF No. 79 at 4. Plaintiff argues that amendment at this late stage is inappropriate because Defendant seeks to make these changes after the close of discovery and has failed to demonstrate good cause for violating the Court's scheduling order. ECF No. 80 at 9–11.

Whether or not to permit a pleading to be amended after deadline is governed by the Federal Rules of Civil Procedure. Rule 15(a)(2) instructs the Court to freely grant leave to amend

---

[2] A fuller rendering of the night's events may be found in the Court's Memorandum Opinion addressing Defendant's Partial Motion for Summary Judgment. ECF No. 70.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

when "justice so requires," and Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." *See United States v. Hartford Accident & Indem. Co.*, No. CV JKB-14-2148, 2016 WL 386218, at *4 (D. Md. Feb. 2, 2016); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (noting "tension" between these two rules).

The inquiry typically begins with Rule 16, which governs case scheduling and management. "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Nourison*, 535 F.3d at 298. The moving party may demonstrate good cause by showing that "the [existing] deadlines cannot reasonably be met despite the party's diligence." *Kantsevoy v. LumenR LLC*, No. CV ELH-17-359, 2018 WL 3468078, at *5 (D. Md. Apr. 18, 2018) (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012)). Factors considered in determining good cause include: "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV DKC 13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016) (citing *Tawwaab v. Va. Linen Serv.*, Inc., 729 F.Supp.2d 757, 768–69 (D. Md. 2010)). Further, from a practical standpoint, the good-cause standard "is intended to prevent a plaintiff from decimating a Scheduling Order with late attempts to complicate or change the nature of the case." *McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 82 (S.D.W. Va. 2001).

Here, Defendant seeks to make two amendments to his Answer: one, to clarify that the LGTCA governs state-law claims in the lawsuit, and two, to add an affirmative defense reflecting the terms of his co-Defendants' settlement agreement with Plaintiff. As to the first amendment, Defendant notes that Plaintiff's FAC already alleges that it is "being filed in

compliance" with the LGTCA. ECF No. 79 at 2; *see* ECF No. 11 ¶ 4. Further, Defendant's original Answer to the FAC provides that his "actions were privileged because he was performing lawful duties as a member of the Baltimore Police Department and he is therefore entitled to and claims all common law and statutory immunities." ECF No. 79 at 3; *see* ECF No. 13 ¶ 94. Thus, Defendant asserts that his request for inclusion of language clarifying that the action is governed by the LGTCA is made "out of an abundance of caution" and "for the avoidance of any doubt" that the law, and its statutory caps on liability, are applied. ECF No. 79 at 4 & n.6.

While the Court agrees with Plaintiff that Defendant has long known about the applicability of the LGTCA, and thus has had ample time to so amend his pleading, the Court is persuaded that the amendment should have virtually no impact on the judicial proceedings to follow.[4] Additionally, the Court does not find evidence of bad faith, nor does it find prejudice will arise from permitting the amendment. *See Sall v. Bounassissi*, No. CIV.A. DKC 10-2245, 2011 WL 2791254, at *4 (D. Md. July 13, 2011).

With regard to the second amendment, Defendant argues that he seeks to add a defense reflecting the nature of the settlement agreement reached with co-Defendants. Under the Release, Plaintiff agreed that all damages recoverable by him by "anyone other than" the settling Defendants:

> are hereby reduced under the provisions of the Uniform Contribution Among Tortfeasors Act [("UCATA")] contained within the Maryland Annotated Code by the pro rata share of [Plaintiff's] damages recoverable against all tortfeasors … and it is agreed that, for that purpose only, [Mosaic, Ms. Pope, and Progressive] are to be considered a single joint tortfeasor with any other tortfeasors liable to [Plaintiff] for the damages or injuries claimed

---

[4] Plaintiff also argues that the clarification is "somewhat misguided" because it would not apply to the pending section 1983 claims against Defendant. ECF No. 80 at 14. The Court finds, however, that the specific language of the proposed amendment appropriately cabins the defense to state law claims subject to the LGTCA. ECF No. 79-2 ¶ 97.

in [this case] to the same extent as if [Mosaic, Ms. Pope, and Progressive] were adjudicated to be joint tortfeasors by the final judgment of a court of record after trial on the merits.

ECF No. 79 at 3–4.

The UCATA provides that a "release by the injured person of one joint tort-feasor … reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid." Md. Code Ann., Cts. & Jud. Proc. § 3-1404. Thus, it would appear that, as a matter of law, Defendant is "entitled to a setoff of any verdict—if he is found liable—based upon Plaintiff's settlement with any other named defendants in this action," as explicitly provided in the proposed amendment language. ECF No. 79-2 ¶ 98.

Notably, Plaintiff does not appear to take issue with the substance of Defendant's assertions on this matter. Instead, Plaintiff argues that Defendant has not been diligent in bringing this amendment to the Court's attention, as the settlement has been in place for well over two years. Again, the Court agrees with Plaintiff on this point; as a general rule, the Court does not look favorably on untimely motions, and length of the delay is a factor to be considered. However, the Court also takes note that the deadline for amendments to pleadings passed almost a year before the settlement was finalized, and thus, Defendant did not have opportunity to timely amend his pleading within the dictates of the Court's original schedule.

Plaintiff warns that he has not had the chance to conduct discovery on the issue and that Defendant may seek to use information about the settlement and the cap on statutory damages to influence a jury. ECF No. 80 at 12. The Court, however, does not find that such concerns are warranted. Plaintiff, as a broker of the settlement agreement, has known about the setoff language contained in the settlement since its inception in July 2020. It is not clear, nor has

Plaintiff provided any indication, as to what sort of further discovery would be necessary at this stage in the proceedings.

Moreover, in the case of both amendments, Defendant has attested that he will not introduce evidence "as to the existence of the damages cap" under the LGTCA, nor "as to the existence of the settlement agreement" to the jury at trial. ECF No. 83 at 5, 7. The Court hereby directs Defendant to abide by these statements, and thus, there is little concern that the proposed amendments will amount to "late attempts to complicate or change the nature of the case." *McCoy*, 204 F.R.D. at 82.[5]

Next, if good cause is established, courts turn to Rule 15, which governs the amendment of pleadings. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, courts have "broad discretion concerning motions to amend pleadings," *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam), and a motion to amend should be denied only when there would be prejudice to the non-moving party, there has been bad faith on the part of the moving party, or the amendment would be futile, *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

Here, as discussed above, the Court does not find that the proposed amendments to Defendant's Answer constitute prejudice or bad faith. Nor are they futile. Accordingly, the Court will permit the amendments.

---

[5] To the extent Plaintiff argues that he will need to expend additional resources filing a motion in limine on this issue, Plaintiff need not do so in light of this ruling. *See* ECF No. 80 at 12–13.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion is granted. A separate Order follows.


Date: <u>January  27, 2023 </u>                        <u>   /s/                                             </u>
                                                                    GEORGE J. HAZEL
                                                                    United States District Judge